## PEOPLE *v.* NOONAN.

*(Supreme Court, General Term, First Department. May 15, 1891.)*

1. BURGLARY—EVIDENCE—SUFFICIENCY.
   Defendant entered a sleeping-room, and, upon the outcry of its occupant, was seen by an officer to run from the house with the occupant in pursuit, and enter the side door of a saloon. The officer demanded admission to the saloon, which was denied, but defendant was immediately afterwards produced to him as the man who had last entered there. The officer and occupant of the broken premises both swore that this man was the one pursued to the saloon. *Held,* that the evidence against the defendant was strong enough to justify submission of his case to the jury.

2. INSTRUCTIONS—REVIEW ON APPEAL.
   Upon trial of an indictment for burglary, defendant denied that he was arrested in an attempt to escape by running. The court, in commenting upon certain evidence as to prisoner's condition when captured, observed that he was then panting from the effects of running, without adverting to defendant's denial of the fact of running. *Held,* that such inadvertence, having taken place in the presence of defendant and his counsel, should have been brought to the attention of the court by them, and in default thereof would not be considered as ground for reversal upon appeal.

3. SAME—INSTRUCTIONS.
   In such case, a further comment by the court, upon the evidence of a witness against the prisoner, "that, if the old woman's evidence stood alone, I should at once direct you to acquit this defendant, because her testimony, standing alone, would not satisfy me beyond a reasonable doubt that defendant was the person who entered her premises upon that occasion, but it did not stand alone," could not be objected to by defendant, being in fact favorable to him.

4. SAME—MOTION FOR NEW TRIAL.
   Code Crim. Proc. N. Y. § 517, provides that, upon an appeal in a criminal case, "any actual decision of the court in an immediate order or proceeding forming part of the judgment roll, as prescribed by section 485, may be reviewed." By said section 485, subd. 6, the judgment roll is required to contain a copy of the minutes of

any proceeding upon a motion either for a new trial or in arrest of judgment. *Held*, that the denial of a motion for a new trial was within the meaning of said statutes, and entitled defendant to a review of the decision of the court in the premises.

Appeal from court of general sessions, New York county.

James Noonan was convicted of burglary in the second degree, and he now appeals.

Argued before DANIELS, P. J., and LAMBERT, J.

*Purdy & McLaughlin*, for appellant. *De Lancey Nicoll*, (*McKenzie Semple*, Asst. Dist. Atty., of counsel,) for the People.

DANIELS, J. The fact that a burglary was committed by breaking and entering, in the night-time, the premises mentioned in the indictment, was admitted by the defendant's counsel at the commencement of the trial. That left but one fact to be proved to support the indictment, and that was that the defendant was the person who committed the crime. To prove this fact, the wife of the person whose premises were broken and entered testified that she saw the defendant in their sleeping-room, and at that time he was searching the bureau. She then made an outcry, and he ran from the room. Even if no great reliance can be placed upon her evidence, which was a fact that impressed itself upon the mind of the recorder who presided at the trial, it was still so far supported, by the evidence of the policeman who made the arrest, as to present the question of the defendant's identity and guilt as one of fact for the examination of the jury; for he testified that he saw the defendant running out of No. 4 Jefferson street about a quarter past 1 in the morning, and the occupant of the premises, in his night-clothes, in close pursuit of him, and that he followed the defendant until he went into the side door of the saloon at No. 5 Norfolk street, where the officer at once demanded admission. That was not accorded to him, but, after he had informed the occupant of the saloon that he wanted the man who had last entered there, that the defendant was brought out to him, and that he was the same person whom the witness had seen running out of No. 4 Jefferson street, where the burglary had been committed, was positively affirmed by the officer. And the officer testified, further, that the woman who swore that she saw him in the sleeping-room, searching in the bureau, also identified him as the same man. This evidence was quite direct in the way of proof of the defendant's guilt, and it was by no means so far overcome by the testimony of the defendant, and of the other witnesses sworn for him on the trial, as to withdraw this subject from the consideration of the jury.

But in the submission of the case to them it has been objected that observations were made concerning the evidence, by the learned recorder, which were prejudicial to their impartial consideration of the case. But these observations were so cogently suggested by the condition of the evidence as to have been without the least detriment to the case of the defendant, and for that reason supply no substantial ground for objection. The first related to his condition when he was taken into custody by the officer, who had testified that he was then "kind of panting." And the recorder, in his reference to this evidence, repeated that he was then panting, and added that it was from the effect of running; and it is this last comment that is now made the subject of objection. In making it, the denial of the defendant, as to the fact of running, was overlooked. But as the comment was made in the presence of the defendant and the counsel, this oversight should have been, but it was not, brought by the latter to the attention of the recorder, when its correction would at once have been secured. Even the present liberal system for the review of criminal convictions does not sanction the practice of counsel permitting an inaccurate statement in the charge to be passed wholly unnoticed, as it was in this case, when, by a mere reference to the state of the evidence, it would be corrected, and then to depend upon the inaccuracy for a reversal of

the conviction. The time for correction is when the occurrence has taken place, and, if it shall then be denied, the defendant will have good reason to complain. The fact was mentioned in the statement of the officer that the defendant had been running immediately before his arrest, and, as the jury must have disbelieved the testimony of the defendant, this comment could not have been injurious to the defendant.

The comment upon the testimony of the wife of the complaining witness was favorable to the defendant. It was that, if the old woman's evidence stood alone, I should at once direct you to acquit this defendant, because her testimony, standing alone, would not satisfy me beyond a reasonable doubt that the defendant was the person who entered her premises upon that occasion; but it does not stand alone. The substance of the statement was that without corroboration it was insufficient to warrant a conviction. But it was not said how far, or to what extent, there was corroboration of her testimony. It was only added that it did not stand alone, which was a fact beyond controversy in the case.

Attention was also directed to the evidence of the officer, and the jury was directed to look into the evidence to discover whether there was any improper motive on his part, or any ill-feeling towards the defendant, inducing him to testify falsely, and the jury were admonished "to look carefully into all the facts and circumstances, for the purpose of finding a motive or inducement to testify falsely." These observations were fairly with the case, and suggested by its condition, and did no more than direct the attention of the jury to an inquiry which it was due to the defendant that they should make. That these comments were not intended to impress the jury with the conviction that the defendant was guilty is still more clearly manifested by the concluding direction which was given to them by the recorder. That was, that they should "give this man the benefit of every reasonable doubt upon the testimony; give him the benefit of the evidence as to his character; and determine, upon all the evidence, whether this defendant is guilty of the crime of burglary in the second degree, or not guilty." That placed the case entirely at their disposal, without being affected by any prejudicial inference which could be drawn from the observations to which objection has been taken.

After the verdict of guilty had been rendered, a motion for a new trial was made upon the ground of newly-discovered evidence; also because the jury had been misdirected, and the verdict was against the law and the evidence. This motion was denied, and the defendant's counsel excepted to the decision of the recorder having that effect; and it has been urged that this is the subject of review by this court, as a part of the appeal from the judgment, for the reason that by section 517 of the Code of Criminal Procedure it has been declared that, upon such an appeal, "any actual decision of the court in an intermediate order or proceeding forming a part of the judgment roll, as prescribed by section four hundred and eighty-five, may be reviewed." By subsection 6 of the section here referred to, the judgment roll is required to contain a copy of the minutes of any proceedings upon a motion either for a new trial or in arrest of judgment; and although doubt has been expressed in *People* v. *Hovey*, 1 N. Y. Crim. Rep. 324, whether this will entitle the denial of the motion to be reviewed, it probably was intended to secure by it this right of review. For that object the provision should be reasonably construed; and there seems to have been no other object for making the proceeding a part of the judgment roll, as these proceedings have been made, than to give the defendant this right of review by way of an appeal from the judgment itself. The section is broader than section 1316 of the Code of Civil Procedure, under which it has been held that an appeal from the judgment does not bring up the denial of a motion for a new trial. *Matthews* v. *Meyberg*, 63 N. Y. 656. The decision denying the new trial in this case

may therefore be now considered    It depended mainly on the affidavit of Matter, stating that he entered these premises on the night of January 11 or the morning of January 12, 1891, and took money from the drawer in the grocery.    He did not confess to the breaking, but only to the stealing; and to do even that exhibits, under the circumstances, quite an unusual degree of criminal depravity.    But little, if any, reliance could be placed upon his evidence, even if it had been before the jury, inasmuch as both the woman who swore that she saw the defendant searching the drawer, and the officer who arrested him, have both sworn that Matter is not the man who was in the house, and afterwards taken into custody.    To add the evidence of this man to the defense, with those contradictions, and the improbability of its truth against it, would be of no service to the defendant.    The other affidavits add no force to that made by this man, and, as they all appear, so little credit could be given to him that there is no reason for believing any change in the result could be produced by his evidence before a jury.    The other evidence relied upon is as to character.    There was such evidence on the trial, and it was not contradicted.    The defendant, therefore, did have the benefit of this class of testimony, and merely adding to the number of witnesses who gave it would be of no practical advantage to him.    The case in all respects appears to have been correctly disposed of, and the judgment should be affirmed.